## URIAH S. HENDRIX *v.* H. M. BUCKNER'S HEIRS.

[Abstract Kentucky Law Reporter, Vol. 2—60.]

**Title by Adverse Holding.**
> Where in a suit to recover real estate it is shown that the land claimed by the plaintiff is within a prior patent boundary under which he claims the defense must fail unless it appears that no entry or possession was had by plaintiff and those under whom he claims within such patent boundary; but where it does appear that no such entry was made the defendant may have acquired title by a continuous adverse holding for fifteen years before the bringing of the action.

APPEAL FROM PENDLETON CIRCUIT COURT.

December 9, 1880.

OPINION BY JUDGE PRYOR:

It seems to us, from the facts as they now appear in the record, the only question to be determined in order to settle this disputed boundary was whether the land in controversy was in Thornberry's patent boundary or Taylor's; in other words, if in the boundary of Thornberry the defense must fail unless it appears that no entry or possession was had by the appellees and those under whom they claim within the patent boundary. If no such entry was made the appellees may have acquired title by an adverse holding. There is no pretense of any claim by the appellees outside of the boundary of Thornberry's patent.

The second instruction given at the instance of the appellant, but modified by the court, took from the jury the right of determining the question as to boundary by telling them that, although the land was outside of the Thornberry patent, the appellees could recover. This was doubtless an oversight on the part of the court and counsel; still it is urged by the appellant here that it did influence the verdict, and whether so or not, as the instruction is found, the appellees are permitted to recover, although the land is not within the boundary of their patent.

The instruction is,—That if the land in controversy is within the boundary claimed by the appellant, and he and those under whom he claims have been in the possession claiming to own it continuously for fifteen years before the bringing of the action, they should find for him unless they believe at the date of the deed and entry said land was in the adverse possession of plaintiff, or those under

whom he claims, or unless they believe said entry and possession for said time was outside the boundary of Thornberry's patent.

The court evidently intended to say that if outside of the Thornberry patent the appellees could not recover; but the instruction is so worded as to mislead the jury. Other objections have been made to the rulings of the court, but as the question of boundary is the real question in the case, and the appellees have shown title within the Thornberry patent, we cannot see in what way the appellant has been prejudiced. Copies of the ancient deeds made by those having the custody of such records, when the original cannot be produced, should be permitted to go to the jury; and in fact we are not prepared to say that the copies are not properly authenticated. The other questions raised have not been considered.

Judgment *reversed* and cause remanded for further proceedings.
*W. J. Perrin, W. W. Ireland,* for appellant.
*J. H. Fryer, P. J. Denham,* for appellees.